Filed 04/27/22 — Case 22-20527 — Doc 22

1  **2**
2  DAVID P. CUSICK, #160467  TRUSTEE
3  NEIL ENMARK, #159185, attorney for Trustee
   KRISTEN A. KOO, #230856, attorney for Trustee
4  P.O. Box 1858
   Sacramento, California 95812-1858
5  legalmail@cusick13.com
   (916) 856-8000

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| IN RE: | ) | Case No: 22-20527-A-13C |
|---|---|---|
|  | ) | DCN:  DPC-1 |
|  | ) |  |
| CHARLES G. LEONARD, JR. | ) | TRUSTEE'S OBJECTION TO |
|  | ) | CONFIRMATION |
|  | ) |  |
|  | ) | DATE: MAY 17, 2022 |
|  | ) | TIME: 9:00 A.M. |
|  | ) | JUDGE: CLEMENT |
| Debtor | ) | COURTROOM: 28, 7TH FLOOR |

DAVID P. CUSICK, TRUSTEE, objects to confirmation of the Debtor(s) Plan and does not recommend its confirmation. The Trustee objects to confirmation as follows:

1. **PLAN RELIES ON VALUING COLLATERAL:**  The Debtor cannot afford to make the payments or comply with the Plan, 11 U.S.C. §1325(a)(6).  The Debtor's Plan relies on the pending Motion to Value Collateral for Citibank West (DN 18) which is set for hearing on May 24, 2022 at 9:00 AM. If the Motion to Value is not granted, the Debtors' Plan does not have sufficient monies to pay the claim in full and therefore should also be denied confirmation.

2. **IN RE WIEGAND - BUSINESS EXPENSES AT LINE 3B OF FORM 122C:** The

1

Trustee is unable to determine if the plan complies with 11 U.S.C. Section 1325(b)(1)(B). The Calculation of Disposable Income (Form 122C-1) includes an improper expense at line 5 for ordinary and necessary business expenses of $6,346.33. In <u>Drummond v. Wiegand (In re Wiegand)</u>, 386 B.R. 238 (B.A.P. 9th Cir. 2008), the Bankruptcy Appellate Panel for the Ninth Circuit concluded that a chapter 13 debtor may not deduct business expenses from gross receipts to calculate current monthly income. Based on the gross receipts of 7,750.00, Debtor's annualized current monthly income is $93,000.00 which is greater than the applicable median family income of $62,938.00 for a Household of 1 (DN 12). The Debtor used an incorrect figure on the filed form (DN 12) for the applicable median income of $53,644.00 which seems to coincide with the figure that would have been applicable in his prior 2018 Chapter 13 case. In order to determine if the plan complies with 11 U.S.C. Section 1325(b)(1)(B), Debtor must complete Forms 122C-1 and C-2 in their entirety using the correct figures as stated on the US Trustee's website.

WHEREFORE the movant prays that the Court enter an order denying confirmation of the Debtor's Plan unless these matters are addressed.

Dated: APRIL 27, 2022 /s/ Kristen Koo
Kristen Koo, Attorney for Trustee